1  Philip Christian Bikle

2  1616 South Varna Street

3  Anaheim, California [92804]

4  Phone: (301) 802-9953

5  Appellant in Pro Per

6

7

8                    UNITED STATES COURT OF APPEALS

9                          FOR THE NINTH CIRCUIT

10

11 | Philip C. Bikle                                | ) Case No. 14-55077
12 |         Plaintiff - Appellant,                 | ) D.C. No. 8:13-cv-01662-DOC-JPR
13 | v.                                             | )
14 | Officer A. Santos, in his individual capacity; | ) Request for Judicial Notice
15 | Officer Cathy Hayes, in her individual capacity;| ) pursuant to Federal Rules
16 | Doe1-2, in individual capacities;               | ) of Evidence (Rule 201(c)(2))
17 | Los Angeles Sheriff's Department;               | )
18 | Los Angeles County;                             | ) NOTICE #3
19 | City of Lakewood in Los Angeles County;         | )
20 |         Defendants                              | )

COPY

1

1  To all parties, please be advised that plaintiff/appellant, Philip Christian
2  Bikle, in Pro per, moves the court in the above entitled action to take judicial
3  notice of the following California case law entitled, "Ex parte Stork" (1914).

4  _____       _____
5  Philip Christian Bikle                 Date

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte Stork"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____        _____8/25/14_____
Signature                             Date Served

Notary NOT required

<u>Name of party served</u>           <u>Address</u>

Officer A. Santos                     Lakewood Station
                                      5130 Clark Avenue, Lakewood, CA 90712

1

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte Stork"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____    ____8/25/14____
Signature                          Date Served

Notary NOT required

<u>Name of party served</u>              <u>Address</u>

Officer Cathy Hayes                 Lakewood Station
                                    5130 Clark Avenue, Lakewood, CA 90712

1

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte Stork"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          8/25/14
Signature                          Date Served

Notary NOT required

<u>Name of party served</u>            <u>Address</u>

Los Angeles County                 Kenneth Hahn Hall of Administration
                                   500 W. Temple St.
                                   Los Angeles, CA 90012

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte Stork"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____        8/25/14
Signature                                                      Date Served

Notary NOT required

<u>Name of party served</u>                   <u>Address</u>

Los Angeles Sheriff's Department     John L. Scott, Sheriff
                                                           Los Angeles County Sheriff's Department
                                                           4700 Ramona Blvd.
                                                           Monterey Park, CA 91754

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte Stork"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____        8/25/14
Signature                              Date Served

Notary NOT required

<u>Name of party served</u>                <u>Address</u>

City of Lakewood in Los Angeles County   5050 Clark Avenue
                                         Lakewood, CA 90712

Westlaw.

139 P. 684
167 Cal. 294, 139 P. 684
**(Cite as: 167 Cal. 294, 139 P. 684)**

Supreme Court of California.
Ex parte STORK.

Cr. 1843.
Feb. 24, 1914.

In Bank. Application of Charles Stork for a writ of habeas corpus. Writ discharged, and petitioner remanded.

West Headnotes

**Licenses 238** 5

238 Licenses
    238I For Occupations and Privileges
        238k2 Power to License or Tax
            238k5 k. States. Most Cited Cases

The occupation of a chauffeur is one calling for regulation, and therefore permitting a regulatory license tax.

**Automobiles 48A** 132

48A Automobiles
    48AIV License and Regulation of Chauffeurs or Operators
        48Ak132 k. Constitutional and statutory provisions. Most Cited Cases
(Formerly 361k81)

**Statutes 361** 1654

361 Statutes
    361XI General and Special Laws
        361XI(A) In General
            361k1636 Particular Laws as General or Special; Validity
                361k1654 k. Motor vehicles. Most Cited Cases
(Formerly 361k81)

Dividing as does St.1913, p. 639, drivers of automobiles into two classes, one, professional chauffeurs and requiring them to obtain a license and pay an annual license fee, the other embracing all others, who are not required to secure a license or pay a license fee, does not constitute special legislation.

**\*295 \*\*685** Walter H. Duane, of San Francisco, for petitioner.

U. S. Webb, Atty. Gen., for respondent.

HENSHAW, J.

Petitioner, a chauffeur, who refused to pay the annual license fee of $2 exacted by the provisions of the Motor Vehicle Act (St. 1913, p. 639), suffered arrest, and has sued out this writ of habeas corpus under his contention that the portion of the act exacting a chauffeur license fee of $2 annually is unconstitutional.

The sole contention in this regard is that the Legislature, without reason and warrant, has made an arbitrary classification whereby chauffeurs or drivers of motor vehicles for hire are required to pay a license, while all other drivers of vehicles are classed as 'operators,' and are not required to secure a license or pay a license fee. Conceding his construction of the law in this respect to be sound, is the division by the Legislature of drivers of motor vehicles into the two classes indicated and the exaction of a license fee from the one and not from the other class so unwarranted and arbitrary as to compel a declaration from this court that it is unconstitutional special legislation?

That the occupation of a chauffeur is one calling for regulation and therefore permitting a regulatory license fee is beyond question. 'When the calling or profession or business is attended with danger or requires a certain degree of scientific knowledge upon which others must rely, then legislation properly steps in and imposes conditions upon its exercise.' Minneapolis, etc., Railroad Co. v. Beckwith, 129 U. S. 29, 9 Sup. Ct. 208, 32 L. Ed. 585. That the occupation of a chauffeur is of this character may not be questioned and has been decided. State v. Swagerty, 203 Mo. 517, 102 S. W. 483, 10 L. R. A. (N. S.) 601, 120 Am. St. Rep. 671, 11 Ann. Cas. 725; Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. **\*296** Rep. 196, 3 Ann. Cas. 487. There are unquestionable elements of similarity, even of identity, between the driving of an automobile by a professional chauffeur and the driving of a like vehicle by a private owner, designated in this act as an 'operator.' Thus it may not be gainsaid that the ignorance of the one is as likely to result in accident as the same ignorance upon the part of the other. The recklessness of the one is as likely to result in injury as the recklessness of the other. It is equally dangerous to other occupants and users of the highway whether the unskilled or reckless driver be a chauffeur or 'operator.' All these matters may be conceded, and yet there are others of equal significance where the differences between the two classes of drivers are radical. Of first importance in this is the fact that the chauffeur offers his services to the public, and is frequently a carrier of the general public. These circumstances put professional chauffeurs in a class by themselves, and entitle the public to receive the protection which the Legislature may accord in making provision for the competency and carefulness of such drivers. The chauffeur, generally speaking, is not driving his own car. He is entrusted with the property of others. In the nature of things, a different amount of care will ordinarily be exercised by such a driver than will be exercised by the man driving his own car and risking his own property. Many other considerations of like nature will readily present themselves, but enough has been said to show that there are sound, just, and valid reasons for the classification adopted. The argument of the peril attending the public at the hands of the unlicensed operator driving his own car is not without force, but it can only successfully be presented to the legislative department, and not to the courts.

In conclusion it may be said that, while on reason we hold the classification to be sound and the license fee therefore legal, no case where any court of last resort has taken a contrary view has been called to our attention, while, besides the intimations in the cases above cited, this precise conclusion was adopted by the Court of Appeals of Maryland in Ruggles v. State, 120 Md. 553, 87 Atl. 1080.

**\*297** Wherefore the writ is discharged, and the petitioner is remanded.

We concur: SHAW, J.; ANGELLOTTI, J., LORIGAN, J.; MELVIN, J.; SLOSS, J.

Cal. 1914
Ex parte Stork
167 Cal. 294, 139 P. 684

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.