1  Philip Christian Bikle

2  1616 South Varna Street

3  Anaheim, California [92804]

4  Phone: (301) 802-9953

5  Appellant in Pro Per

6

7

8  UNITED STATES COURT OF APPEALS

9  FOR THE NINTH CIRCUIT

10

11  Philip C. Bikle                           ) Case No. 14-55077

12          Plaintiff - Appellant,            ) D.C. No. 8:13-cv-01662-DOC-JPR

13  v.                                        )

14  Officer A. Santos, in his individual capacity;    ) Request for Judicial Notice

15  Officer Cathy Hayes, in her individual capacity;  ) pursuant to Federal Rules

16  Doe1-2, in individual capacities;         ) of Evidence (Rule 201(c)(2))

17  Los Angeles Sheriff's Department;         )

18  Los Angeles County;                       ) NOTICE #5

19  City of Lakewood in Los Angeles County;   )

20          Defendants                        )

21

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 2 8 2014

FILED_____
DOCKETED_____
          DATE        INITIAL

COPY

1

To all parties, please be advised that plaintiff/appellant, Philip Christian Bikle, In Pro per, moves the court in the above entitled action to take judicial notice of the following California legislative act entitled, "An act to amend sections 1, 2, 3, 4, and 11 of an act entitled "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8, 9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12, 13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to the taxing of operators engaged in the transportation of persons or property upon the public highways by motor vehicle and providing that this act shall take effect immediately.

_____          _____

Philip Christian Bikle                              Date

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to amend sections 1, 2, 3, 4, and 11 of an act entitled "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8, 9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12, 13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to the taxing of operators engaged in the transportation of persons or property upon the public highways by motor vehicle and providing that this act shall take effect immediately.</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____                    5/25/14

Signature                                                    Date Served

Notary NOT required

<u>Name of party served</u>                            <u>Address</u>

Officer A. Santos                                        Lakewood Station
                                                                   5130 Clark Avenue, Lakewood, CA 90712

**CERTIFICATE OF SERVICE**

Case Name: Philip Bikle v. A. Santos, et al

9th Cir. Case No.: 14-55077

I certify that 2 copies of the document: "An act to amend sections 1, 2, 3, 4, and 11 of an act entitled "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8, 9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12, 13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to the taxing of operators engaged in the transportation of persons or property upon the public highways by motor vehicle and providing that this act shall take effect immediately.

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____                  8/25/14
Signature                                Date Served

Notary NOT required

Name of party served                     Address
Officer Cathy Hayes                       Lakewood Station
                                         5130 Clark Avenue, Lakewood, CA 90712

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to amend sections 1, 2, 3, 4, and 11</u>
<u>of an act entitled "An act imposing a license fee or tax for the transportation of</u>
<u>persons or property for hire or compensation upon the public streets, roads and</u>
<u>highways in the State of California by motor vehicle and providing that this act</u>
<u>shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8,</u>
<u>9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12,</u>
<u>13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to</u>
<u>the taxing of operators engaged in the transportation of persons or property upon</u>
<u>the public highways by motor vehicle and providing that this act shall take effect</u>
<u>immediately.</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed
below.

_____          8/25/H
Signature                                           Date Served

Notary NOT required

<u>Name of party served</u>                 <u>Address</u>

Los Angeles County                       Kenneth Hahn Hall of Administration
                                                     500 W. Temple St.
                                                     Los Angeles, CA 90012

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to amend sections 1, 2, 3, 4, and 11 of an act entitled "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8, 9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12, 13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to the taxing of operators engaged in the transportation of persons or property upon the public highways by motor vehicle and providing that this act shall take effect immediately.</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____                    _____
Signature                                         Date Served

Notary NOT required

<u>Name of party served</u>                      <u>Address</u>

Los Angeles Sheriff's Department          John L. Scott, Sheriff
                                                 Los Angeles County Sheriff's Department
                                                 4700 Ramona Blvd.

                                                 Monterey Park, CA 91754

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to amend sections 1, 2, 3, 4, and 11</u>
<u>of an act entitled "An act imposing a license fee or tax for the transportation of</u>
<u>persons or property for hire or compensation upon the public streets, roads and</u>
<u>highways in the State of California by motor vehicle and providing that this act</u>
<u>shall take effect immediately," approved May 15, 1933; to add sections 5, 6, 7, 8,</u>
<u>9, 10, 12, 15 and 21 to said act; to renumber and amend sections 5, 6, 7, 8, 9, 12,</u>
<u>13, 14, 16, and 17 of said act; to repeal sections 10 and 15 of said act; relating to</u>
<u>the taxing of operators engaged in the transportation of persons or property upon</u>
<u>the public highways by motor vehicle and providing that this act shall take effect</u>
<u>immediately.</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed
below.

_____          __8/?3/14__

Signature                                                 Date Served

Notary NOT required

<u>Name of party served</u>                              <u>Address</u>

City of Lakewood in Los Angeles County          5050 Clark Avenue

                                                                  Lakewood, CA 90712

shares of each class or series and of the preferences, rights, privileges and restrictions granted to or imposed upon the respective classes or series of shares and/or upon the holders thereof;

(7) To change the statement, as to shares issued or unissued, of the classification of shares and/or of the subdivision of any class of shares into series, and/or of the preferences, rights, privileges or restrictions of the shares of any class or series, or to repeal such statement of classification of shares, or of the subdivision of any class of shares into series;

(8) To authorize the board of directors, within limitations and restrictions stated in the amendment, to fix or alter, from time to time, the dividend rate, conversion rights, voting rights, the redemption price or the liquidation preferences of any wholly unissued class or of any wholly unissued series of any class of shares, or the number of shares constituting any unissued series of any class, or all or any of them;

(9) To change shares having par value into the same or a different number of shares without par value; to increase or reduce the par value of shares; to change shares without par value into the same or a different number of shares with or without any par value;

(10) To create classes of par value shares together with classes of shares without par value, or to create classes of shares of different par values, or to restrict, limit, create or enlarge the voting rights of certain classes of shares, or to grant to any class or classes of shares preemptive rights to sub-scribe for shares, or to enlarge or restrict or revoke existing preemptive rights of any class or classes of shares;

(11) To readopt and restore any provision of its articles which has been superseded or changed by any certificate, instrument or proceeding pursuant to law;

(12) Generally, to add to, omit from, remove or otherwise alter the provisions thereof in any respect lawful at the time of the amendment and not inconsistent with the law under which the corporation exists.

No corporation shall amend its articles to alter the statements which appear in the original articles of the names and addresses of the first directors or of the number of shares subscribed and by whom.

No amendment changing the aggregate par value of par value shares or the number of shares without par value shall affect the stated capital of a corporation.

---

## CHAPTER 679.

*An act to amend sections 1, 2, 3, 4, and 11 of an act entitled* Stats. 1933.
*"An act imposing a license fee or tax for the transporta-* p. 928,
*tion of persons or property for hire or compensation upon* amended
*the public streets, roads and highways in the State of Cali-*
*fornia by motor vehicle and providing that this act shall*

1920                STATUTES OF CALIFORNIA                [Ch. 679

*take effect immediately," approved May 15, 1933; to add
sections 5, 6, 7, 8, 9, 10, 12, 15, and 21 to said act; to renum-
ber and amend sections 5, 6, 7, 8, 9, 12, 13, 14, 16, and 17
of said act; to repeal sections 10 and 15 of said act; relat-
ing to the taxing of operators engaged in the transporta-
tion of persons or property upon the public highways by
motor vehicle and providing that this act shall take effect
immediately.*

[Approved by the Governor June 30, 1937. In effect immediately ]

*The people of the State of California do enact as follows:*

Stats 1933,
p 935. SECTION 1.  Section 1 of the act cited in the title hereof
is hereby amended to read as follows:

Definitions. **Section 1.  The words and phrases used in this act shall be**
**construed for the purposes of said act, unless such construc-**
**tion be contrary to or inconsistent with the context thereof,**
**as follows:**

(a) The term "operator" shall include all persons engag-
ing in the transportation of persons or property for hire or
compensation by or upon motor vehicles upon any public
highway in this State, either directly or indirectly, but shall
not mean nor include the following:

(1) Any person transporting his own property in his own
motor vehicle: provided, however, that any such person mak-
ing a specific charge for such transportation shall be deemed
to be an "operator" hereunder;

(2) Any farmer, resident of California, who occasionally
transports property for other farmers, or who transports his
own farm products or who transports laborers to and from
farm work as incident in his farming operations;

(3) Any nonprofit agricultural cooperative association,
organized and acting within the scope of its powers under
Chapter 4 of Division VI of the Agricultural Code, to the
extent only that it may be engaged in the transporting of its
own property or the property of its members;

(4) Any person whose sole transportation of persons or
property for hire or compensation consists of the transporta-
tion of children to or from any public school and whose total
compensation from all sources for providing such transporta-
tion does not exceed fifty dollars in any calendar month.

Nothing contained in paragraph (1) above shall be con-
strued as limiting the exemptions for which provision is made
in paragraphs (2), (3) and (4).

(b) The term "person" shall include any individual, firm,
copartnership, joint adventure, association, corporation,
estate, trust, business trust, receiver, syndicate, or any other
group or combination acting as a unit and the plural as well
as the singular number.

(c) The term "motor vehicle" shall include all automo-
biles, trucks, tractors, or other self-propelled vehicles used for
the transportation of persons or property upon the public

highways, otherwise than upon fixed rails or tracks, and any trailer, semitrailer, dolly or other vehicle drawn thereby, not exempt from registration fees under the laws of this State.

(d) The term "gross receipts" shall include all receipts from the operation of motor vehicles entirely within this State and a proportion, based upon the proportion of the mileage within this State to the entire mileage over which such operations extend, of the receipts from the operation of motor vehicles passing through, into or out of this State, or partly within and partly without this State. The term "gross receipts" shall not include revenue derived by an express company from the shipment of property over the lines of common carriers, but shall include revenue derived by such express companies from the transportation of property in motor vehicles operated by them.

(e) The term "board" means the State Board of Equalization.

(f) The term "Controller" means the State Controller.

SEC. 2. Section 2 of the act cited in the title hereof is hereby amended to read as follows:　<sub>Stats 1933, p 929</sub>

Sec. 2. Each operator of a motor vehicle within this State <sub>Operator's license</sub> who transports or desires to transport for compensation or hire persons or property upon any public highway within this State shall apply to the board, on such forms as the board may prescribe, for a license to operate motor vehicles for the transportation of persons or property for hire or compensation upon public highways in this State.

Each application for a license must be accompanied by a <sub>Application</sub> fee of five dollars payable to the board. Upon the receipt of the application of any such operator, accompanied by such fee, the board shall issue to the applicant a license to transport for compensation or hire persons or property upon any public highway within this State; provided, however, that no license issued hereunder shall be construed to authorize the operation of any vehicle upon the public highways of this State contrary to the laws now or hereafter in effect regulating the operation of motor vehicles. No license issued hereunder shall be assignable by operation of law or otherwise.

All licenses issued under the provisions of this act shall <sub>Renewal</sub> expire on the thirty-first day of December next succeeding the date upon which they are issued. If any person shall become an operator and shall fail to apply for the license and pay the fee required hereunder within thirty days thereafter or shall fail to apply for the renewal of a license previously held and pay the license fee of five dollars prior to the first day of January of the succeeding year and shall continue to act as an operator taxable hereunder, there shall be added to the license fee to be charged to such person an amount of five dollars.

SEC. 3. Section 3 of the act cited in the title hereof is <sub>Stats 1933, p 929</sub> hereby amended to read as follows:

1922                    STATUTES OF CALIFORNIA                    [Ch. 679

*Number plates or emblems*

Sec. 3.  After obtaining the license provided for in the preceding section, the operator of any motor vehicle or motor vehicles shall obtain from the Department of Motor Vehicles number plates or emblems for each motor vehicle operated by said operator indicating, in such manner as said department may determine, that the license herein provided for has been obtained.  Such number plates or emblems shall be attached to and conspicuously displayed upon each of the motor vehicles authorized to be operated by said license in such manner as may be required and prescribed by the Department of Motor Vehicles.

Said department may charge and collect from operators required to display number plates or emblems under the provisions of this act, the pro rata cost to the State of the designing, manufacturing and distribution of said number plates or emblems.

It shall be unlawful from and after the effective date of this act for any person to operate any motor vehicle for the transportation of persons or property for hire or compensation upon the public highways in this State without obtaining the license for which provision is made in the preceding section or without having displayed upon such motor vehicle the number plates or emblems required to be displayed thereon by this section.

Upon the issuance of any number plates for display on any vehicle licensed hereunder, the Department of Motor Vehicles shall immediately notify the board thereof.

*Stats 1933, p 930.*

SEC. 4   Section 4 of the act cited in the title hereof is hereby amended to read as follows·

*Tax on gross receipts*

Sec. 4.  A license tax is hereby imposed upon operators at the rate of three per cent of the gross receipts of such operators from operations on and after the first day of the month after the effective date of this act.  Such tax shall be paid at the time and in the manner hereinafter provided.

*New section*

SEC. 5.  Section 5 is hereby added to the act cited in the title hereof, to read as follows:

*Tax returns.*

Sec. 5.  The tax imposed hereunder shall be due and payable monthly on or before the twentieth day of the month following each calendar month, the first of such calendar months being the month of June, 1937.  Each operator shall on or before the twentieth day of July, 1937, and on or before the twentieth day of each month thereafter prepare a return for the preceding calendar month in such form as the board may prescribe, showing the gross receipts of the operator, the amount of tax due for the month covered by the return and such other information as the board may deem necessary for the proper administration of this act.  The operator shall

*Remittance*

deliver the return together with a remittance payable to the Controller for the amount of tax due to the office of the board.  Returns shall be signed by the operator or his duly authorized agent, but need not be verified by oath.

The board for good cause may extend for not to exceed ten days the time for making any return and payment required hereunder.

Sec. 6. Section 6 is hereby added to the act cited in the title hereof, to read as follows: *New section*

Sec. 6. Any operator failing to pay any tax, except taxes determined by the board under the provisions of sections 7 and 8 hereof, within the time required by this act shall pay in addition to the tax a penalty of ten per cent of the unpaid amount thereof, plus interest at the rate of one-half of one per cent a month, or fraction thereof, from the date at which the tax became due and payable until the date of payment. *Delinquency penalty and interest*

Sec. 7. Section 7 is hereby added to the act cited in the title hereof, to read as follows: *New section*

Sec. 7. If the board is not satisfied with the return and payment of tax made by any operator, it is hereby authorized to make an additional assessment of tax due from any such operator based upon the information contained in the return or upon any information in its possession. All additional assessments shall bear interest at the rate of one-half of one per cent per month, or fraction thereof, from the twentieth day after the close of the month or months, as the case may be, for which the additional assessment is imposed until the date of payment. If any part of the deficiency for which the additional assessment is imposed is due to negligence or intentional disregard of the act or authorized rules and regulations, a penalty of ten per cent of the amount of the additional assessment shall be added, plus interest as above provided. If any part of the deficiency for which the additional assessment is imposed is due to fraud or an intent to evade the tax, a penalty of twenty-five per cent of the amount of the additional assessment shall be added, plus interest as above provided. The board shall give to the operator written notice of such additional assessment. Such notice may be served upon the operator personally or by mail; if by mail, service shall be made in the manner prescribed by section 1013 of the Code of Civil Procedure and addressed to the operator at his address as the same appears in the records of the board. *Additional assessment* *Penalties* *Notice*

For the purpose of the proper administration of this act and to prevent evasion of the tax hereby imposed, it shall be presumed that the gross receipts from all operations of operators are subject to the tax hereby imposed until the contrary is established.

Sec. 8. Section 8 is hereby added to the act cited in the title hereof, to read as follows: *New section*

Sec. 8. If any operator shall fail, neglect or refuse to file a return within the time required herein, the board shall make an estimate of the amount of the taxable gross receipts of such operator for the month or months for which such operator failed to make a return and upon the basis of such estimated amount shall compute and assess the tax payable by such operator, adding to the amount of tax so determined a penalty *Failure to make return* *Penalties*

equal to ten per cent thereof. All such assessments shall bear interest at the rate of one-half of one per cent per month, or fraction thereof, from the twentieth day after the close of the month or months, as the case may be, for which such assessments are imposed until the date of payment. If the neglect or refusal of an operator to file a return as required by this act was due to fraud or an intent to evade the tax, there shall be added to the tax a penalty equal to twenty-five per cent thereof in addition to the ten per cent penalty as above provided. Promptly thereafter the board shall give to the delinquent written notice of such estimate, tax and penalty, the notice to be served personally or by mail in the same manner as prescribed for service of notice by the provisions of section 7 hereof.

*Notice*

**New section**  SEC. 9. Section 9 is hereby added to the act cited in the title hereof, to read as follows:

**Petition for reassessment**  Sec. 9. Any operator against whom an assessment is made by the board under the provisions of section 7 or 8 hereof may petition for a reassessment thereof within fifteen days after the date of mailing the notice thereof to such operator. If a petition for reassessment is not filed within said fifteen day period the amount of the assessment becomes final at the expiration thereof.

**Hearing**  If a petition for reassessment is filed within said fifteen day period the board shall reconsider the assessment and, if the operator has so requested in his petition, shall grant said operator an oral hearing and shall give the operator ten days notice of the time and place thereof. The board shall have power to continue the hearing from time to time as may be necessary.

**Order**  The order or decision of the board upon a petition for reassessment shall become final fifteen days after the date of mailing the notice thereof to such operator.

**Delinquency penalty.**  All assessments made by the board under the provisions of section 7 or 8 hereof shall become due and payable at the time they become final and if not paid when due and payable there shall be added thereto a penalty of ten per cent of the amount of the tax.

Any notice required by this section shall be served personally or by mail in the same manner as prescribed for service of notice by the provisions of section 7 hereof.

**New section**  SEC. 10. Section 10 is hereby added to the act cited in the title hereof, to read as follows:

**Notice of additional tax**  Sec. 10. Except in the case of a fraudulent return or neglect or refusal to make a return, every notice of additional tax proposed to be assessed hereunder shall be mailed to the operator within three years after the return of such operator was filed.

**Stats 1933, p 935**  SEC. 11. Section 11 of the act cited in the title hereof is hereby amended to read as follows:

**Revocation of license.**  Sec. 11. Whenever any operator licensed hereunder fails to comply with any provision of this act or any rule or regulation of the board prescribed and adopted under this act, the

board, upon hearing after giving ten days' notice in writing of the time and place of the hearing to show cause why the license of such operator should not be revoked, may revoke such license. The Department of Motor Vehicles upon receiving written notice from the board that the license of an operator has been revoked by the board or that an operator has failed, neglected or refused to obtain the license provided in section 2 hereof shall suspend forthwith the registration of the motor vehicles specified in such notice of such operator and shall cause to be removed from such motor vehicles all number plates or emblems issued by said department for display upon such motor vehicles. Thereafter it shall be unlawful to operate such motor vehicles upon the public highways of this State until the operator has fully complied with the provisions of this act and a certificate to that effect has been issued by the board to the Department of Motor Vehicles and the registration of the motor vehicles of such operator has been restored by said department.

*Suspension of motor vehicle registration*

The license of an operator shall be reinstated by the board following the revocation of such license when the amount of license tax assessed hereunder and interest thereon together with all penalties have been paid and the provisions of this act have been fully complied with by such operator and a fee of five dollars has been paid to the board for such reinstatement. The registration of the motor vehicles of such operator and the number plates and emblems removed therefrom shall be restored by the Department of Motor Vehicles upon the issuance by the board to said department of a certificate to the effect that the operator has fully complied with the provisions of this act and the payment to said department of a fee of five dollars for the restoration of the registration of each motor vehicle.

*Reinstatement of license, etc*

If the registration of any motor vehicle has been suspended as provided herein, the Department of Motor Vehicles shall not thereafter reregister such motor vehicle or transfer the registration of ownership thereof upon the records of the department until such time as the board has issued to said department a certificate to the effect that the operator has fully complied with the provisions of this act.

Transfer by the Department of Motor Vehicles of the registered ownership of any motor vehicle licensed hereunder may be effected only after a certificate of license tax clearance has been issued therefor by the board. Such certificate of license tax clearance shall completely extinguish the lien herein provided in the motor vehicle described therein.

*Transfer of vehicle*

If the operator of any motor vehicle is merely the registered owner thereof, and the legal owner of record repossesses such motor vehicle and pays the full amount of the license tax assessed hereunder, together with all interest thereon and penalties, such legal owner shall not be required to pay the fees herein required for reinstatement of license and restoration of registration, nor shall any of the other provisions of this section be applicable.

*Payment of tax by legal owner of vehicle*

New section

**SEC. 12.** Section 12 is hereby added to the act cited in the title hereof, to read as follows:

Overpayment, etc

Sec. 12. If the board determines that any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected or computed, the board shall set forth that fact in the records of the board and shall certify to the State Board of Control the amount collected in excess of what was legally due, from whom it was collected, or by whom paid, and if approved by that board the same shall be credited on any taxes then due from the operator under this act and the balance shall be refunded to the operator, or his successors, administrators, executors or assigns, but no such credit or refund shall be allowed after three years from the date of overpayment.

Credit or refund

Taxes in excess of 2 per cent of gross receipts

If the total taxes and licenses, excluding such State taxes and licenses as are on, according to or measured by gross receipts or net income or with respect to motor vehicle fuel, becoming due and payable during a calendar year and paid during such year to this State and its political subdivisions, including municipalities, by an operator upon, or on account of the operations of, his property used exclusively to produce gross receipts from his operations taxable hereunder, shall exceed 2 per cent of such gross receipts from his operations during such year, the amount of such excess, not exceeding, however, the amount of license taxes paid hereunder during such year, shall be subject to refund upon a verified claim therefor filed with the board by such operator within ninety days after the close of such year. Thereafter the board shall examine such claim and if it shall appear to the satisfaction of the board that a refund is due, shall certify to the State Board of Control the amount thereof, and if approved by that board the same shall be credited on any taxes then due from the operator under this act and the balance shall be refunded to the operator, or his successors, administrators, executors or assigns, but no such credit or refund shall be allowed unless the claim therefor shall have been filed within the time herein specified.

Recovery of erroneous refunds

Any refund or any portion thereof which is erroneously made and any credit or any portion thereof which is erroneously allowed, may be recovered in an action brought by the Controller of the State in a court of competent jurisdiction in the county of Sacramento, in the name of the people of the State of California and such action shall be tried in the county of Sacramento unless the court with the consent of the Attorney General, orders a change of place of trial. The Attorney General must prosecute such action, and the provisions of the Code of Civil Procedure relating to service of summons, pleadings, proofs, trials and appeals are applicable to the proceedings herein provided for.

Cancellation.

In the event that a tax has been illegally levied against an operator the board shall certify such fact to the State Board of

Control and said board shall authorize the cancellation of the tax upon the records of the board.

SEC. 13. Section 9 of the act cited in the title hereof is hereby renumbered section 13 and is hereby amended to read as follows: *Stats. 1933, p 933*

Sec. 13. No injunction or writ of mandate or other legal or equitable process shall ever issue in any suit, action or proceeding in any court against this State or against any officer thereof to prevent or enjoin the collection under this act of any license tax sought to be collected by the board; but after payment of any such license tax under protest duly verified and setting forth the grounds of objection to the legality of such license tax, the operator paying such license tax may bring an action against the State Treasurer in the superior court of the county of Sacramento for the recovery of license tax so paid under protest. No such action may be instituted more than sixty days after the last day prescribed for the payment of such license tax without penalty, and failure to bring suit within said sixty days shall constitute waiver of any and all demands against this State on account of alleged overpayment of license taxes hereunder. No grounds of illegality of the license tax shall be considered by the court other than those set forth in the protest filed at the time of the payment of the license tax. *Taxes paid under protest*

If in any such action judgment is rendered for the plaintiff, the amount of the judgment shall first be credited on any license taxes, interest or penalties due from the plaintiff under this act, and the balance of the judgment shall be refunded to the plaintiff. In any such judgment, interest shall be allowed at the rate of six per cent per annum upon the amount of license tax found to have been illegally collected from the date of payment of such license tax to the date of allowance of credit on account of such judgment or to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the Controller. *Refund of taxes*

In no case shall any judgment be rendered in favor of the plaintiff in any action brought against the State Treasurer to recover any license tax paid hereunder, when such action as brought by or in the name of an assignee of the operator paying said license tax, or by any person, company or corporation other than the person, company or corporation that has paid such license tax.

SEC. 14. Section 5 of the act cited in the title hereof is hereby renumbered section 14 and is hereby amended to read as follows: *Stats. 1933, p 930*

Sec. 14. All license taxes, penalties and interest accruing hereunder shall be a lien upon all property of the operator used in producing gross receipts from operations as herein defined; said lien shall attach at the time of the earning of said gross receipts and shall have the effect of an execution duly levied against all such property of the operator and shall so *Lien of tax*

remain until said taxes and all penalties and interest accruing thereon are paid, or the property sold for the payment thereof.

The lien created by the provisions of this act shall be paramount to all private liens or encumbrances of whatever character, and to the rights of any holder of the legal title, in or to any vehicle the privilege of operating which is subject to the license tax imposed hereunder.

*Notice to taxpayer's debtors*

In the event that any operator is delinquent in the payment of the license tax herein provided, the Controller may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such operator, or owing any debts to such operator, at the time of receipt by them of such notice, and thereafter any person so notified shall neither transfer nor make other disposition of such credits, other personal property or debts until the Controller shall have consented to a transfer or disposition, or until twenty days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the Controller of any and all such credits, other personal property or debts, in their possession, under their control or owing by them, as the case may be.

*Collection.*

Whenever any operator shall be delinquent in the payment of the license tax, interest or penalties herein provided the Controller may proceed forthwith to collect the license tax, interest or penalties due from such operator in the following manner: The Controller may seize any property, real or personal, subject to the lien of said license tax, interest or penalties and thereafter sell at public auction such property so seized, or a sufficient portion thereof, to pay the license tax due hereunder, together with any interest or penalties imposed hereby for such delinquency, and any and all costs that may have been incurred on account of such seizure and sale. Notice of such intended sale and the time and place thereof, shall be given to such delinquent operator and to all persons appearing of record to have an interest in such property in writing at least ten days before the date set for such sale by inclosing such notice in an envelope addressed to said operator at his last known residence or place of business in this State if any, and, in the case of any person appearing of record to have an interest in such property, addressed to such person at the last known place of residence, if any, and depositing the same in the United States mail, postage prepaid, and by publication for at least ten days before the date set for such sale in a newspaper of general circulation published in the county or city and county in which the property seized is to be sold; provided, however, that if there be no newspaper of general circulation in such county or city and county, then by the posting of such notice in three public places in such county or city and county for said ten-day period. The said notice shall contain a description of the

*Seizure and sale.*

*Notice*

property to be sold, together with a statement of the amount of the license taxes, interest, penalties and costs, the name of the operator, and the further statement that, unless such license taxes, interest, penalties and costs are paid on or before the time fixed in said notice for such sale, said property, or so much thereof as may be necessary, will be sold in accordance with law and said notice.

The Controller may seize any motor vehicles subject to the lien of said license tax, interest and penalties and thereafter sell at private sale such motor vehicles so seized, or a sufficient portion thereof, to pay the license tax due hereunder, together with any interest or penalties imposed hereby for such delinquency, and any and all costs that may have been incurred on account of such seizure and sale. Notice of such intended sale shall be given to such delinquent operator and to all persons appearing of record to have an interest in such motor vehicles in writing at least ten days before the sale of the motor vehicles by inclosing such notice in an envelope addressed to said operator at his last known residence or place of business in this State, if any, and, in the case of any person appearing of record to have an interest in such motor vehicles, addressed to such person at the last known place of residence, if any, and depositing the same in the United States mail, postage prepaid. The said notice shall contain a description of the motor vehicles to be sold, together with a statement of the amount of the license taxes, interest, penalties and costs, the name of the operator, and the further statement that, unless such license taxes, interest, penalties and costs are paid within ten days said said motor vehicles, or so much thereof as may be necessary, will be sold at private sale.

At any sale held hereunder, the property shall be sold by the Controller in accordance with law and said notice, and the Controller shall deliver to the purchaser a bill of sale for the personal property, and a deed for any real property so sold, and such bill of sale or deed shall vest title in the purchaser. The unsold portion of any property so seized may be left at the place of sale at the risk of the operator. If, upon any such sale, the moneys so received shall exceed the amount of all license taxes, interest, penalties and costs due the State from such operator, any such excess shall be returned to the operator, and his receipt therefor obtained. If, for any reason, the receipt of such operator shall not be available, the Controller shall deposit such excess moneys with the State Treasurer, as trustee for such owner, subject to the order of such operator, his heirs, successors, or assigns.

It is expressly provided that the remedies provided herein of the State shall be cumulative and that no action taken by the Controller shall be construed to be an election on the part of the State or any of its officers to pursue any remedy hereunder to the exclusion of any other remedy for which provision is made in this act.

*Motor vehicles*

*Remedies cumulative*

61-A—50017

1930                STATUTES OF CALIFORNIA                [Ch. 679

New section    SEC. 15.  Section 15 is hereby added to the act cited in the title hereof, to read as follows:

Enforcement    Sec. 15.  The board is hereby charged with the enforcement of the provisions of this act, except in so far as duties and powers are herein vested in the Department of Motor Vehicles and the Controller, and is hereby authorized to prescribe, adopt and enforce rules and regulations relating to the administration and enforcement of the provisions of this act.

Stats. 1933, p. 933    SEC. 16.  Section 8 of the act cited in the title hereof is hereby renumbered section 16 and is hereby amended to read as follows:

Suit for collection of delinquent taxes    Sec. 16.  The Controller shall have the power to request the Attorney General to bring suit for the recovery of any unpaid license tax, interest, penalties and costs. It shall be the duty of the Attorney General to bring such suit on the written request of the Controller and in the name of the people of the State of California in a court of competent jurisdiction in the county of Sacramento; payment of an amount to the board for and on account of such license tax and the acceptance thereof shall not bar an action by the State to recover an additional amount for the same month which may actually be due. In such action a writ of attachment may issue and no bond or affidavit previous to the issuing of said attachment is required.

In any suit brought to enforce the rights of the State hereunder a certificate issued by the board showing unpaid license taxes assessed against any operator shall be prima facie evidence of the assessment of the license tax, the delinquency thereof, the amount of the license tax, interest, penalties and costs due and unpaid to the State, that the operator is indebted to the people of the State of California in the amount of such license tax, interest and penalties therein appearing unpaid and that all the forms of law in relation to the assessment and levy of such license tax have been fully complied with by all persons required to perform administrative duties under this act.

Stats. 1933, p. 932    SEC. 17.  Section 6 of the act cited in the title hereof is hereby renumbered section 17 and is hereby amended to read as follows:

Records    Sec. 17.  Every operator must keep a true and accurate record in such form as the board may prescribe of all gross receipts from the operations of said operator. All such records required hereunder must be available at all times for the inspection of the board or its representatives, who may require a statement under oath reflecting the contents thereof.

Stats. 1933, p. 932    SEC. 18.  Section 7 of the act cited in the title hereof is hereby renumbered section 18 and is hereby amended to read as follows:

Forms of reports, etc    Sec. 18.  The board shall have the power, and it is hereby authorized, to prescribe the forms of all reports of gross receipts from operations, to prescribe the forms for keeping

records of gross receipts from operations, and to make any and all examinations of the records of operators and other investigations as it may deem necessary in carrying out the provisions of this act.

The board may appoint accountants, auditors, investigators and such other expert and clerical assistants as it may from time to time deem necessary to enforce its powers and perform its duties under this act.

SEC. 19. Section 12 of the act cited in the title hereof is hereby renumbered section 19 and is hereby amended to read as follows:   *Stats 1933, p 985*

Sec. 19. Any person who uses any public highway in this State for the transportation of persons or property for hire or compensation without first obtaining the license for which provision is herein made, or without carrying upon each motor vehicle so used the number plates or emblems for which provision is herein made, or who fails, neglects or refuses to make any return required hereunder or any report required by the board, or who makes any false return, or who refuses to permit the board or any of its representatives to make the examination which the board is authorized to make, or who fails to keep records of gross receipts from operations as may be prescribed by the board, or who violates any other provision of this act shall be guilty of a misdemeanor, unless such act is by any other law of this State declared to be a felony, and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.   *Failure to obtain license, display emblem, etc*

SEC. 20. Section 13 of the act cited in the title hereof is hereby renumbered section 20 and is hereby amended to read as follows:   *Stats 1935, p 2176*

Sec. 20. All taxes, interest and penalties due hereunder shall be paid in the form of remittances payable to the Controller of the State of California and shall be deposited by the Controller in the State treasury to the credit of the general fund and all sums paid to the Department of Motor Vehicles hereunder shall be deposited in the State treasury to the credit of the motor vehicle fund, and are hereby appropriated out of said fund for the support of said department.   *Disposition of moneys*

All remittances for taxes, together with interest and penalties thereon, received by the board hereunder shall be transmitted daily to the Controller with the appropriate advices as to the operators by whom such remittances have been sent. The State Controller shall keep an appropriate record of such payments.

SEC. 21. Section 21 is hereby added to the act cited in the title hereof, to read as follows:   *New section*

Sec. 21. The board shall notify the Controller of any and all assessments made pursuant to sections 7 and 8 hereof, as well as the amounts self-assessed under section 5 hereof, and the Controller shall keep an appropriate record of all such matters.   *Notice to Controller*

Stats 1933,
p 936

SEC. 22.  Section 14 of the act cited in the title hereof is hereby renumbered section 22 and is hereby amended to read as follows:

Exceptions.

Sec. 22.  This act shall not apply to motor vehicles operating exclusively within incorporated cities or towns, nor shall it apply to such vehicles operating between incorporated cities or towns where no portion of the public highway outside of the corporate limits of said cities or towns is traversed in said operation, nor shall this act apply to motor vehicles operated exclusively off of public highways in this State.

Stats 1933,
p 936

SEC. 23.  Section 16 of the act cited in the title hereof is hereby renumbered section 23.

Constitu-
tionality

Sec. 23.  If any section, subsection, clause, sentence or phrase of this act which is reasonably separable from the remaining portions of this act is for any reason held to be unconstitutional, such decision shall not affect the remaining portions of this act.  The Legislature hereby declares that it would have passed the remaining portions of this act irrespective of the fact that any such section, subsection, clause, sentence or phrase of this act be declared unconstitutional.

Stats 1933,
p 937.

SEC. 24.  Section 17 of the act cited in the title hereof is hereby renumbered section 24.

Tax levy

Sec. 24.  This act, inasmuch as it provides for tax levies for the usual current expenses of the State, shall, under the provisions of section 1 of Article IV of the Constitution, take effect immediately.

Stats 1933,
p 934

SEC. 25.  Section 10 of the act cited in the title hereof as it existed on January 1, 1937, is hereby repealed.

Stats 1933,
p 936

SEC. 26.  Section 15 of the act cited in the title hereof as it existed on January 1, 1937, is hereby repealed.

Payment of
taxes for
May, 1937

SEC. 27.  The tax assessed by the board under the provisions of the act cited in the title hereof with respect to the operations of operators during the month of May, 1937, shall be paid to the Controller in accordance with the provisions of section 5 of said act as such provisions existed on January 1, 1937, anything in said act or in this act to the contrary notwithstanding.

Collection of
taxes as-
sessed prior
to July
1, 1937

SEC. 28.  All taxes assessed against operators prior to July 1, 1937, pursuant to the provisions of the act cited in the title hereof, as those provisions existed on January 1, 1937, and remaining unpaid on July 1, 1937, shall be collected by the Controller under the provisions of said act as amended hereby.

Operative
date

SEC. 29.  The amendments to the act cited in the title hereof effected by this act shall become operative on July 1, 1937, except that the amendment hereby effected to section 2 of the act cited in the title hereof shall become operative on October 1, 1937.

Tax levy.

SEC. 30.  This act, inasmuch as it provides for a tax levy for the usual current expenses of the State, shall, under the provisions of section 1 of Article IV of the Constitution, take effect immediately.