1 | Philip Christian Bikle

2 | 1616 South Varna Street

3 | Anaheim, California [92804]

4 | Phone: (301) 802-9953

5 | Appellant in Pro Per

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 28 2014

FILED
DOCKETED        DATE        INITIAL

6

7

8 | UNITED STATES COURT OF APPEALS

9 | FOR THE NINTH CIRCUIT

10

11 | Philip C. Bikle                    ) Case No. 14-55077

12 |         Plaintiff - Appellant,    ) D.C. No. 8:13-cv-01662-DOC-JPR

13 | v.                                )

14 | Officer A. Santos, in his individual capacity;    ) Request for Judicial Notice

15 | Officer Cathy Hayes, in her individual capacity;  ) pursuant to Federal Rules

16 | Doe1-2, in individual capacities;                 ) of Evidence (Rule 201(c)(2))

17 | Los Angeles Sheriff's Department;                 )

18 | Los Angeles County;                               ) NOTICE #6

19 | City of Lakewood in Los Angeles County;           )

20 |         Defendants                               )

21 |                                                   **ORIGINAL**

1

1   To all parties, please be advised that plaintiff/appellant, Philip Christian
2   Bikle, In Pro per, moves the court in the above entitled action to take judicial
3   notice of the following California legislative act entitled, "An act to add Part 4,
4   comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section
5   50010 to, the revenue and taxation code, thereby consolidating and revising the
6   law relating to taxation and the raising of revenue, including the provisions of "An
7   act imposing a license fee or tax for the transportation of persons or property for
8   hire or compensation upon the public streets, roads and highways in the State of
9   California by motor vehicle and providing that this act shall take effect
10  immediately," approved May 15, 1933, as amended, and repealing acts and parts of
11  acts specified herein."

12  _____           _____
13        Philip Christian Bikle                  Date

2

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to add Part 4, comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section 50010 to, the revenue and taxation code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein."</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          _____
Signature                                Date Served

Notary NOT required

<u>Name of party served</u>                <u>Address</u>

Officer A. Santos                        Lakewood Station
                                         5130 Clark Avenue, Lakewood, CA 90712

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to add Part 4, comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section 50010 to, the revenue and taxation code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein."</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          8/25/14_____
Signature                                Date Served

Notary NOT required

<u>Name of party served</u>                <u>Address</u>

Officer Cathy Hayes                      Lakewood Station
                                         5130 Clark Avenue, Lakewood, CA 90712

1

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to add Part 4, comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section 50010 to, the revenue and taxation code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein."</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____                    _8/25/14_____

Signature                                Date Served

Notary NOT required

<u>Name of party served</u>                  <u>Address</u>

Los Angeles County                       Kenneth Hahn Hall of Administration
                                         500 W. Temple St.
                                         Los Angeles, CA 90012

1

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to add Part 4, comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section 50010 to, the revenue and taxation code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein."</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          8/25/14_____
Signature                        Date Served

Notary NOT required

<u>Name of party served</u>              <u>Address</u>

City of Lakewood in Los Angeles County    5050 Clark Avenue

                                          Lakewood, CA 90712

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"An act to add Part 4, comprising sections 9601 to 10501, inclusive, to division 2 of, and to add section 50010 to, the revenue and taxation code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein."</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          _____8/25/14_____
Signature                          Date Served

Notary NOT required

<u>Name of party served</u>              <u>Address</u>

Los Angeles Sheriff's Department    John L. Scott, Sheriff
                                    Los Angeles County Sheriff's Department
                                    4700 Ramona Blvd.
                                    Monterey Park, CA 91754



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of __11__ page(s) is a full, true and correct copy of the original record in the custody of this office.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

JUL 17 2014

**DEBRA BOWEN**
**Secretary of State**

Sec/State Form CE-109 (REV 01/2009)                    OSP 09 113643

39

— 1 —

**Assembly Bill No. 452**

Passed the Assembly March 4, 1941

*[signature]*
Chief Clerk of the Assembly

Passed the Senate March 10, 1941

*[signature]*
Secretary of the Senate

This bill was received by the Governor this 13th day of March, 1941, at 2 o'clock P. M.

*[signature]*
Private Secretary of the Governor

— 3 —

## CHAPTER 34

*An act to add Part 4, comprising Sections 9601 to 10501, inclusive, to Division 2 of, and to add Section 50010 to, the Revenue and Taxation Code, thereby consolidating and revising the law relating to taxation and the raising of revenue, including the provisions of "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, as amended, and repealing acts and parts of acts specified herein.*

*The people of the State of California do enact as follows:*

SECTION 1. Part 4, comprising Sections 9601 to 10501, inclusive, is hereby added to Division 2 of the Revenue and Taxation Code, to read as follows:

### PART 4. MOTOR VEHICLE TRANSPORTATION LICENSE TAX

CHAPTER 1. GENERAL PROVISIONS AND DEFINITIONS

9601. This part is known and may be cited as the "Motor Vehicle Transportation License Tax Law."

9602. Except where the context otherwise requires, the definitions given in this chapter govern the construction of this part.

9603. "Operator" includes:
(a) Any person engaging in the transportation of persons or property for hire or compensation by or upon a motor vehicle upon any public highway in this State, either directly or indirectly.
(b) Any person who furnishes any motor vehicle for the transportation of persons or property under a lease or rental agreement when pursuant to the terms thereof the person operates the motor vehicle furnished or exercises any control of, or assumes any responsibility for, or engages either in whole or in part in, the transportation of persons or property in the motor vehicle furnished.
"Operator" does not include any of the following:
(a) Any person transporting his own property in a motor vehicle owned or operated by him unless he makes a specific

— 4 —

charge for the transportation. This subdivision does not in any way limit any other exemption granted by this section.

(b) Any farmer, resident of this State, who occasionally transports property for other farmers, or who transports his own farm products, or who transports laborers to and from farm work incidentally in his farming operations.

(c) Any nonprofit agricultural cooperative association, organized and acting within the scope of its powers under Chapter 4 of Division 6 of the Agricultural Code, to the extent only that it is engaged in the transporting of its own property or the property of its members.

(d) Any person whose sole transportation of persons or property for hire or compensation consists of the transportation of children to or from any public school and whose total compensation from all sources for providing such transportation does not exceed fifty dollars ($50) in any calendar month.

(e) Any person engaged in the business of operating a hearse or other vehicle in a procession to a burial ground or place of interment and from the burial ground or place of interment to a garage or place of storage.

(f) Any registered owner of a pleasure vehicle who, while operating the vehicle, transports persons to his work or to a place through which he passes on the way to his work, whether for or without compensation, if he is not in the business of furnishing such transportation.

9604. "Person" includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, or any other group or combination acting as a unit.

9605. "Motor vehicle" includes any automobile, truck, tractor, or other self-propelled vehicle used for the transportation of persons or property upon the public highways, otherwise than upon fixed rails or tracks, and any trailer, semitrailer, dolly, or other vehicle drawn thereby, not exempt from registration fees under the laws of this State.

9606. "Gross receipts" include all receipts from the operation of motor vehicles entirely within this State and a proportion, based upon the proportion of the mileage within this State to the entire mileage over which such operations extend, of the receipts from the operation of motor vehicles passing through, into, or out of this State, or partly within and partly without this State. "Gross receipts," as applied in connection with operations under lease or rental agreements include such amounts as the board under such rules and regulations as it may prescribe determines to be reasonable compensation for the transportation services rendered by the operator.

— 5 —

"Gross receipts" do not include revenue derived by an express company from the shipment of property over the lines of common carriers, but do include revenue derived by an express company from the transportation of property in motor vehicles operated by it.

9607. "Department" means the Department of Motor Vehicles.

CHAPTER 2. IMPOSITION OF TAX

9651. A license tax is hereby imposed upon operators at the rate of 3 per cent of the gross receipts of the operators from operations.

9652. For the purpose of the proper administration of this part and to prevent evasion of the tax it shall be presumed that the gross receipts from all operations of operators are subject to the tax until the contrary is established.

9653. This part does not apply to operators of motor vehicles operated exclusively within incorporated cities or between incorporated cities or incorporated cities and private property where no portion of the public highway outside the corporate limits of the cities is traversed in such operation.

The tax does not apply to the gross receipts derived from the transportation of persons or property wholly within incorporated cities or between incorporated cities or incorporated cities and private property or wholly on private property where no portion of the public highway outside the corporate limits of the cities or private property is traversed in such operation.

CHAPTER 3. LICENSES AND EMBLEMS

Article 1. Issuance of License

9701. Every operator of a motor vehicle within this State who transports or desires to transport for compensation or hire persons or property upon any public highway within this State shall apply to the board, on such forms as the board may prescribe, for a license to operate motor vehicles for the transportation of persons or property for hire or compensation upon public highways in this State.

9702. Each application for a license shall be accompanied by a fee of five dollars ($5) payable to the board.

— 6 —

9703. Upon the receipt of the application, accompanied by the required fee, the board shall issue to the applicant a license to transport for compensation or hire persons or property upon any public highway within this State. The board may refuse to issue a license to any person to whom a license was previously issued and subsequently revoked for a violation of this part.

9704. No license issued authorizes the operation of any motor vehicle upon the public highways of this State contrary to the laws in effect regulating the operation of motor vehicles.

9705. No license issued is assignable by operation of law or otherwise.

9706. Every license issued expires on December 31 next succeeding the date upon which it is issued.

9707. If any person becomes an operator and fails to apply for the license and pay the fee required within 80 days thereafter or fails to apply for the renewal of a license and pay the license fee of five dollars ($5) prior to January 1 of the succeeding year and continues to act as an operator taxable under this part, the amount of five dollars ($5) shall be added to the license fee to be charged to the person.

Article 2.  Emblems

9726. After obtaining the required license the operator shall obtain from the department number plates or emblems for each motor vehicle operated by him indicating, in such manner as the department may determine, that the license has been obtained.

9727. The number plates or emblems shall be attached to and conspicuously displayed upon each of the motor vehicles authorized to be operated by the license in such manner as the department may require.

9728. The department may charge and collect from operators required to display number plates or emblems the pro rata cost to the State of the designing, manufacturing, and distributing of the number plates or emblems.

9729. Upon the issuance of any number plates or emblems for display on any motor vehicle licensed under this part, the department shall immediately notify the board thereof.

— 7 —

Article 3.  Revocation of License

9751. Whenever any operator licensed under this part fails to comply with any provision of this part or any rule or regulation of the board prescribed and adopted under this part, the board upon hearing, after giving the operator 10 days' notice in writing of the time and place of the hearing to show cause why his license should not be revoked, may revoke the license.

9752. The department upon receiving written notice from the board that the license of an operator has been revoked by the board or that an operator has failed, neglected, or refused to obtain a license shall forthwith suspend the registration of the motor vehicles of the operator which are specified in the notice and shall cause to be removed from such motor vehicles all number plates or emblems issued by the department for display upon the vehicles.

9753. After the suspension of registration of a motor vehicle and the removal of number plates or emblems therefrom it is a misdemeanor to operate the vehicle upon the public highways of this State until the operator fully complies with the provisions of this part, a certificate to that effect is issued by the board to the department, and the registration of the vehicle is restored by the department.

9754. The board or its authorized representatives may impound the vehicles of an operator whose license has been revoked and who continues to engage in the transportation of persons or property for hire or compensation after having been duly notified by the board of the revocation. The board or its representatives may retain possession of the vehicles until all taxes, interest, and penalties due from the operator and all costs incurred in connection with the impounding or storage of the vehicles have been paid.

Article 4.  Reinstatement of License

9776. Subsequent to the revocation of the license of an operator the board shall reinstate the license when the operator pays the amount of license tax determined together with interest and penalties, fully complies with the provisions of this part, and pays a fee of five dollars ($5) to the board for reinstatement.

9777. The department shall restore the registration of the motor vehicles of the operator and the number plates and emblems removed therefrom upon the issuance by the board

— 8 —

to the department of a certificate to the effect that the operator has fully complied with the provisions of this part and upon the payment by the operator to the department of a fee of five dollars ($5) for the restoration of the registration of each motor vehicle.

9778. If the registration of any motor vehicle has been suspended under Article 3 of this chapter, the department shall not thereafter reregister the motor vehicle or transfer the registration of ownership thereof upon the records of the department until the board issues to the department a certificate to the effect that the operator has fully complied with the provisions of this part.

9779. Transfer by the department of the registered ownership of any motor vehicle licensed under this part may be effected only after a certificate of license tax clearance has been issued therefor by the board. The certificate of license tax clearance completely extinguishes the lien provided for in Article 3, Chapter 5, of this part in the motor vehicle described in the certificate.

9780. If the operator of any motor vehicle is merely the registered owner thereof and the legal owner of record repossesses the vehicle and pays the full amount of the license tax determined together with all interest and penalties, the legal owner shall not be required to pay the fees required for reimstatement of license and restoration of registration, nor shall any provision of Articles 3 and 4 of this chapter be applicable.

CHAPTER 4.  DETERMINATIONS

Article 1.  Returns and Payments

9851. The tax imposed by this part is due and payable monthly on or before the twentieth day of the month following each calendar month during which taxable operations occur.

9852. Each operator shall on or before the twentieth day of each month prepare a return for the preceding calendar month in such form as the board may prescribe, showing the gross receipts of the operator, the amount of tax due for the month covered by the return, and such other information as the board deems necessary for the proper administration of this part. Returns shall be signed by the operator or his duly authorized agent but need not be verified by oath.

— 9 —

9853. The operator shall deliver the return to the office of the board together with a remittance payable to the Controller for the amount of tax due.

9854. The board for good cause may extend for not to exceed 10 days the time for making any return or payment required under this part.

Article 2.  Deficiency Determinations

9876. If the board is not satisfied with the return made by any operator, it may make a deficiency determination of the tax required to be paid by the operator based upon information contained in the return or upon any information in its possession.

9877. All deficiency determinations, exclusive of penalties, shall bear interest at the rate of one-half of 1 per cent per month, or fraction thereof, from the twentieth day after the close of the month or months for which the deficiency determination is made until the date of payment.

9878. If any part of the deficiency for which a deficiency determination is made is due to negligence or intentional disregard of this part or authorized rules and regulations, a penalty of 10 per cent of the amount of the determination shall be added thereto.

9879. If any part of the deficiency for which a deficiency determination is made is due to fraud or an intent to evade the tax, a penalty of 25 per cent of the amount of the determination shall be added thereto.

9880. The board shall give the operator written notice of its determination. The notice may be served personally or by mail; if by mail, service shall be made pursuant to Section 1013 of the Code of Civil Procedure and shall be addressed to the operator at his address as it appears in the records of the board.

9881. Except in the case of a fraudulent return or neglect or refusal to make a return, every notice of a deficiency determination shall be mailed to the operator within three years after the return of the operator is filed.

Article 3.  Determinations if No Return Made

9901. If any operator fails, neglects, or refuses to file a return within the time required, the board shall make an estimate of the amount of the taxable gross receipts of the opera-

— 10 —

tor for the month or months for which the operator failed to make a return. Upon the basis of this estimate the board shall compute and determine the tax payable by the operator, adding to the amount of tax so determined a penalty equal to 10 per cent thereof.

9902. All determinations so made, exclusive of penalties, shall bear interest at the rate of one-half of 1 per cent per month, or fraction thereof, from the twentieth day after the close of the month or months for which the determinations are made until the date of payment.

9903. If the neglect or refusal of an operator to file a return is due to fraud or an intent to evade the tax, a penalty of 25 per cent of the tax shall be added thereto in addition to the 10 per cent penalty provided in Section 9901.

9904. Promptly after making its determination the board shall give to the delinquent written notice of the estimate, tax, and penalty, the notice to be served personally or by mail in the manner prescribed for service of notice of a deficiency determination.

Article 4. Redeterminations

9926. Any operator against whom a determination is made by the board under Articles 2 or 3 of this chapter may petition for a redetermination within 15 days after the date of mailing the notice thereof to the operator. If a petition for redetermination is not filed within the 15-day period, the determination becomes final at the expiration of the period.

9927. If a petition for redetermination is filed within the 15-day period, the board shall reconsider the determination and, if the operator has so requested in his petition, shall grant the operator an oral hearing and shall give him 10 days notice of the time and place of the hearing. The board may continue the hearing from time to time as may be necessary.

9928. The order or decision of the board upon a petition for redetermination becomes final 15 days after the date of mailing the notice thereof to the operator.

9929. All determinations made by the board under Articles 2 or 3 of this chapter are due and payable at the time they become final. If they are not paid when due and payable, a penalty of 10 per cent of the amount of the determina-

— 11 —

tion, exclusive of interest and penalties, shall be added thereto.

9930. Any notice required by this article shall be served personally or by mail in the manner prescribed for service of notice of a deficiency determination.

Article 5. Interest and Penalties

9951. Any operator who fails to pay any tax, except taxes determined by the board under Articles 2 or 3 of this chapter, within the time required shall pay a penalty of 10 per cent of the unpaid amount of the tax, in addition to the tax, plus interest at the rate of one-half of 1 per cent per month, or fraction thereof, from the date on which the tax became due and payable until the date of payment.

CHAPTER 5. COLLECTION OF TAX

Article 1. Security for Tax

10051. If any operator is delinquent in the payment of the license tax, the Controller may give notice of the amount of the delinquency by registered mail to all persons having in their possession or under their control any credits or other personal property belonging to the operator, or owing any debts to the operator.

10052. After receiving the notice the persons so notified shall neither transfer nor make other disposition of the credits, other personal property, or debts in their possession or under their control at the time they receive the notice until the Controller consents to a transfer or disposition or until twenty days elapse after the receipt of the notice.

10053. All persons so notified shall within 5 days after receipt of the notice advise the Controller of all such credits, other personal property, or debts in their possession, under their control, or owing by them.

Article 2. Suit for Tax

10071. The Controller may request the Attorney General to bring suit for the recovery of any unpaid license tax, interest, penalties, and costs.

10072. The Attorney General shall bring suit for any amount due and costs on the written request of the Controller

— 12 —

and in the name of the people of the State of California in a court of competent jurisdiction in the County of Sacramento.

10073. Payment of an amount to the board for and on account of the license tax and the acceptance thereof does not bar an action by the State to recover any additional amount which is actually due.

10074. In the action a writ of attachment may issue, and no bond or affidavit previous to the issuing of the attachment is required.

10075. In the action a certificate issued by the board showing unpaid license taxes determined against any operator shall be prima facie evidence of all of the following:
(a) The determination of the license tax, the delinquency thereof, and the amount of the license tax, interest, penalties, and costs due and unpaid to the State.
(b) The indebtedness of the operator to the State in the amount of the license tax, interest, and penalties therein appearing unpaid.
(c) The full compliance by all persons required to perform administrative duties under this part with all the forms of law in relation to the determination and levy of the license tax.

Article 3.  Lien of Tax

10096. The license tax, penalties, and interest accruing under this part constitute a lien upon all property of the operator used in producing gross receipts from operations.

10097. The lien attaches at the time of the earning of the gross receipts and has the effect of an execution duly levied against all property of the operator mentioned in Section 10096. The lien remains until the tax and all penalties and interest accruing thereon are paid, or the property is sold for the payment thereof.

10098. The lien is paramount to all private liens or encumbrances of whatever character, and to the rights of any holder of the legal title, in or to any motor vehicle the privilege of operating which is subject to the license tax.

Article 4.  Seizure and Sale

10121. Whenever an operator is delinquent in the payment of any amount due under this part, the Controller may forthwith collect the amount due from the operator in the

— 13 —

following manner: The Controller may seize any property, real or personal, subject to the lien of the tax and thereafter sell the property, or a sufficient part of it, at public auction to pay the tax due together with any interest and penalties imposed for the delinquency and any costs incurred on account of the seizure and sale.

10122. Notice of the sale and the time and place thereof shall be given in writing to the delinquent operator and to all persons appearing of record to have an interest in the property at least 10 days before the date set for the sale. The notice shall be enclosed in an envelope addressed to the operator at his last known residence or place of business in this State and, in the case of any person appearing of record to have an interest in the property, addressed to the person at his last known place of residence. It shall be deposited in the United States mail, postage prepaid. The notice shall also be published for at least 10 days before the date set for the sale in a newspaper of general circulation published in the county in which the property seized is to be sold. If there is no newspaper of general circulation in the county, notice shall be posted in 3 public places in the county 10 days prior to the date set for the sale. The notice shall contain a description of the property to be sold, a statement of the amount due, interest, penalties, and costs, the name of the operator, and the further statement that unless the tax due, interest, penalties, and costs are paid on or before the time fixed in the notice for the sale, the property, or so much of it as may be necessary, will be sold in accordance with law and the notice.

10123. The Controller may seize any motor vehicle subject to the lien of the tax and thereafter sell the vehicle at private sale to pay the license tax due, together with any interest and penalties imposed for the delinquency and any costs incurred on account of the seizure and sale.

10124. Notice of the sale shall be given in writing to the delinquent operator and to all persons appearing of record to have an interest in the motor vehicle at least 10 days before the date set for the sale of the vehicle. The notice shall be inclosed in an envelope addressed to the operator at his last known residence or place of business in this State and, in the case of any person appearing of record to have an interest in the motor vehicle, addressed to the person at his last known place of residence. It shall be deposited in the United States mail, postage prepaid. The notice shall contain a description of the motor vehicle to be sold, a statement of the

— 14 —

amount due, interest, penalties, and costs, the name of the operator, and the further statement that unless the tax due, interest, penalties, and costs are paid within 10 days the motor vehicle will be sold at private sale.

10125. At any sale the Controller shall sell the property in accordance with law and the notice and shall deliver to the purchaser a bill of sale for the personal property and a deed for any real property sold. The bill of sale or deed vests title in the purchaser. The unsold portion of any property seized may be left at the place of sale at the risk of the operator.

10126. If upon any sale the moneys received exceed the amount of all license taxes, interest, penalties, and costs due the State from the operator, the Controller shall return any excess to the operator and obtain his receipt. If for any reason the receipt of the operator is not available, the Controller shall deposit the excess moneys with the State Treasurer, as trustee for the operator, subject to the order of the operator, his heirs, successors, or assigns.

Article 5. Miscellaneous Provisions

10146. The remedies of the State provided for in this chapter are cumulative, and no action taken by the Controller constitutes an election by the State to pursue any remedy to the exclusion of any other remedy for which provision is made in this part.

CHAPTER 6. OVERPAYMENTS AND REFUNDS

Article 1. Claim for Refund

10251. If the board determines that any amount not required to be paid under this part has been paid by any person, the board shall set forth in its records and certify to the State Board of Control the amount paid in excess of the amount legally due and the person from whom it was collected. If the State Board of Control approves, the excess shall thereupon be credited on any taxes then due from the operator under this part, and the balance shall be refunded to the operator, or his successors, administrators, executors, or assigns.

10252. No credit or refund shall be allowed after three years from the date of overpayment unless a claim therefor is filed with the board within 3 years from the date of overpayment.

— 15 —

10253. The claim shall be in writing and shall state the specific grounds upon which it is founded.

10254. If the total taxes and licenses paid during a calendar year in which due and payable to this State or its political subdivisions, including municipalities, by an operator upon or on account of the operations of his property used exclusively to produce gross receipts from his operations taxable under this part exceed 2 per cent of such gross receipts from his operations during the year, the amount of excess, not exceeding the amount of license taxes paid under this part during the year, is subject to refund or credit. There shall not be included in the computation of the total taxes and licenses paid by the operator any State taxes or licenses which are imposed on or according to, or measured by, gross receipts, pay rolls, or net income, or imposed with respect to motor vehicle fuel.

10255. No credit or refund shall be allowed unless the operator files a verified claim therefor with the board within 90 days after the close of the year in which an excess was paid.

10256. The board shall examine the claim and, if it is satisfied that a refund is due, shall certify to the State Board of Control the amount thereof. If approved by the State Board of Control, the amount shall be credited on any taxes then due from the operator under this part, and the balance shall be refunded to the operator, his successors, administrators, executors, or assigns.

Article 2. Suit for Refund

10276. No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against this State or against any officer of the State to prevent or enjoin the collection under this part of any license tax sought to be collected by the board.

10277. After payment of any license tax under protest duly verified and setting forth the grounds of objection to the legality of the tax, the operator paying the tax may bring an action against the State Treasurer in the superior court of the County of Sacramento for the recovery of the license tax so paid.

10278. No action may be instituted more than 60 days after the last day prescribed for the payment of the license tax without penalty. Failure to bring suit within the 60 days constitutes a waiver of any demand against this State on account of alleged overpayments.

— 16 —

10279. The court shall not consider any grounds of illegality of the license tax other than those set forth in the protest filed at the time of the payment of the tax.

10280. If judgment is rendered for the plaintiff, the amount of the judgment shall first be credited on any tax, interest, or penalties due from the plaintiff under this part, and the balance of the judgment shall be refunded to the plaintiff.

10281. In any judgment, interest shall be allowed at the rate of 6 per cent per annum upon the amount of license tax found to have been illegally collected from the date of payment of the license tax to the date of allowance of credit on account of the judgment or to a date preceding the date of the refund warrant by not more than 30 days, the date to be determined by the Controller.

10282. A judgment shall not be rendered in favor of the plaintiff in any action brought against the State Treasurer to recover any license tax paid when the action is brought by or in the name of an assignee of the operator paying the tax or by any person other than the person who paid the tax.

Article 3.   Recovery of Erroneous Refunds

10301. The Controller may recover any refund or part thereof which is erroneously made and any credit or part thereof which is erroneously allowed in an action brought in a court of competent jurisdiction in the County of Sacramento in the name of the people of the State of California.

10302. The action shall be tried in the County of Sacramento unless the court with the consent of the Attorney General orders a change of place of trial.

10303. The Attorney General shall prosecute the action, and the provisions of the Code of Civil Procedure relating to service of summons, pleadings, proofs, trials, and appeals are applicable to the proceedings.

Article 4.   Cancellations

10321. If any amount has been illegally determined, the board shall set forth in its records and certify to the State Board of Control the amount determined in excess of the amount legally due and the person against whom the determination was made. If the State Board of Control approves,

— 17 —

it shall authorize the cancellation of the amount upon the records of the board.

Chapter 7.   Administration

10401. The board shall enforce the provisions of this part, except in so far as duties and powers are vested in the department and the Controller, and may prescribe, adopt, and enforce rules and regulations relating to the administration and enforcement of this part. The board may prescribe the extent to which any ruling or regulation shall be applied without retroactive effect.

10402. In enforcing this part the board and its authorized representatives have the powers conferred by law upon peace officers.

10403. The board may employ accountants, auditors, investigators, and other expert and clerical assistants necessary to enforce its powers and perform its duties under this part.

10404. Every operator shall keep an accurate record in such form as the board may prescribe of all gross receipts from his operations. All records required shall be available at all times for the inspection of the board or its representatives who may require a statement under oath reflecting the contents of the records.

10405. The board may prescribe the forms of all reports of gross receipts from operations and the forms for keeping records of gross receipts from operations and may make any examinations of the records of operators and other investigations it may deem necessary in carrying out the provisions of this part.

Chapter 8.   Distribution of Proceeds

10451. All taxes, interest, and penalties due under this part shall be paid in the form of remittances payable to the State Controller. The Controller shall transmit the payments to the State Treasury to be deposited to the credit of the Motor Vehicle Transportation Tax Fund, which fund is continued in existence.

10452. All money in the Motor Vehicle Transportation Tax Fund, unless otherwise appropriated, shall, upon order of the Controller, be drawn therefrom for the purpose of making

2—AB 452

refunds under this part or be transferred to the General Fund of the State.

10453. All money paid to the department under this part shall be deposited in the State Treasury to the credit of the Motor Vehicle Fund. The money deposited is hereby appropriated out of the fund for the support of the department.

10454. All remittances for taxes together with interest and penalties thereon received by the board under this part shall be transmitted daily to the Controller with the names of the operators who sent the remittances. The Controller shall keep an appropriate record of the payments.

10455. The board shall notify the Controller of all determinations made under Articles 1, 2, and 3 of Chapter 4 of this part, and the Controller shall keep an appropriate record of all the determinations.

### CHAPTER 9. VIOLATIONS

10501. It is unlawful for any person to do any of the following:
(a) Use any public highway in this State for the transportation of persons or property for hire or compensation without first obtaining the license required under this part or without carrying upon each motor vehicle so used the number plates or emblems required under this part.
(b) Fail, neglect, or refuse to make any return required under this part or any report required by the board or make any false return.
(c) Refuse to permit the board or any of its representatives to make any examination which the board may make.
(d) Fail to keep records of gross receipts from operations as the board may prescribe.
(e) Violate any other provision of this part.
Any person who violates any provision of this section is guilty of a misdemeanor, unless the act is by any other law of this State declared to be a felony.

SEC. 2. Section 50010 is hereby added to said code, to read as follows:
50010. The act entitled "An act imposing a license fee or tax for the transportation of persons or property for hire or compensation upon the public streets, roads and highways in the State of California by motor vehicle and providing that this act shall take effect immediately," approved May 15, 1933, and all acts amendatory thereof and supplementary thereto are hereby repealed.

SEC. 3. The provisions of this act shall take effect on July 1, 1943.

— 20 —

**FILED**
In the office of the Secretary of State
of the State of California

**MAR 19 1941**

At 5 o'clock P M.
PAUL PEEK, Secretary of State
By _[signature]_ Deputy

_[signature]_ Gordon H. Garland
Speaker of the Assembly

_[signature]_ Ellis E. Patterson
President of the Senate

Approved March 19, 1941

_[signature]_
Governor