1  Philip Christian Bikle

2  1616 South Varna Street

3  Anaheim, California [92804]

4  Phone: (301) 802-9953

5  Appellant in Pro Per

6

7

8              UNITED STATES COURT OF APPEALS

9                   FOR THE NINTH CIRCUIT

10

11 | Philip C. Bikle                              ) Case No. 14-55077

12 |         Plaintiff - Appellant,               ) D.C. No. 8:13-cv-01662-DOC-JPR

13 | v.                                           )

14 | Officer A. Santos, in his individual capacity; ) Request for Judicial Notice

15 | Officer Cathy Hayes, in her individual capacity; ) pursuant to Federal Rules

16 | Doe1-2, in individual capacities;             ) of Evidence (Rule 201(c)(2))

17 | Los Angeles Sheriff's Department;             )

18 | Los Angeles County;                           ) NOTICE #9

19 | City of Lakewood in Los Angeles County;       )

20 |         Defendants                            )

21

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
AUG 2 8 2014
FILED_____
DOCKETED_____ DATE _____ INITIAL

COPY

1

1 | To all parties, please be advised that plaintiff/appellant, Philip Christian
2 | Bikle, in Pro per, moves the court in the above entitled action to take judicial
3 | notice of the following California case law entitled, "Ex parte SCHMOLKE"
4 | (1926).

_____    8/25/14
Philip Christian Bikle        Date

2

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte SCHMOLKE"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____    8/25/14
Signature                  Date Served

Notary NOT required

<u>Name of party served</u>        <u>Address</u>

Officer A. Santos          Lakewood Station
                           5130 Clark Avenue, Lakewood, CA 90712

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte SCHMOLKE"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____          _8/25/14_____
Signature                                              Date Served

Notary NOT required

<u>Name of party served</u>           <u>Address</u>

Los Angeles Sheriff's Department      John L. Scott, Sheriff
                                      Los Angeles County Sheriff's Department
                                      4700 Ramona Blvd.
                                      Monterey Park, CA 91754

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte SCHMOLKE"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____       8/27/14
Signature      Date Served

Notary NOT required

<u>Name of party served</u>      <u>Address</u>

City of Lakewood in Los Angeles County      5050 Clark Avenue
Lakewood, CA 90712

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: "<u>Ex parte SCHMOLKE</u>"

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____         ____8/23/14____
Signature                                Date Served

Notary NOT required

<u>Name of party served</u>          <u>Address</u>

Los Angeles County           Kenneth Hahn Hall of Administration
                             500 W. Temple St.
                             Los Angeles, CA 90012

# CERTIFICATE OF SERVICE

Case Name: <u>Philip Bikle v. A. Santos, et al</u>

9th Cir. Case No.: <u>14-55077</u>

I certify that 2 copies of the document: <u>"Ex parte SCHMOLKE"</u>

(title of document you are filing)

and any attachments was served, either in person or by mail, on the persons listed below.

_____        _____
Signature                              Date Served

Notary NOT required

<u>Name of party served</u>              <u>Address</u>

Officer Cathy Hayes                    Lakewood Station

                                       5130 Clark Avenue, Lakewood, CA 90712

Westlaw

248 P. 244
199 Cal. 42, 248 P. 244
(Cite as: 199 Cal. 42, 248 P. 244)

Supreme Court of California.
Ex parte SCHMOLKE.

Cr. 2840.
June 30, 1926.
Rehearing Denied July 30, 1926.

In Bank.

Application for writ of habeas corpus by Paul Schmolke to be directed to Chief of Police, City and County of San Francisco, to secure his release from custody upon charge of violating Motor Transportation License Act of 1925.

Writ discharged, and petitioner remanded.

West Headnotes

**[1] Automobiles 48A ⟶73**

48A Automobiles
   48AIII Public Service Vehicles
      48AIII(B) License and Registration
         48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases

**Constitutional Law 92 ⟶2893**

92 Constitutional Law
   92XXIV Privileges or Immunities; Emoluments
      92XXIV(A) In General; State Constitutional Provisions
         92XXIV(A)2 Particular Issues and Applications
            92k2891 Taxation
               92k2893 k. Exemptions. Most Cited Cases
(Formerly 92k205(3))

**Statutes 361 ⟶1654**

361 Statutes
   361XI General and Special Laws
      361XI(A) In General
         361k1636 Particular Laws as General or Special; Validity
            361k1654 k. Motor vehicles. Most Cited Cases
(Formerly 361k72)


Exemptions of operators transporting persons to and from public schools, and those not transporting for hire, from motor vehicle tax, are valid. Motor Vehicle Transportation License Tax Act, § 1, St.1925, p. 833, § 1; Const. art. 1, § 11.


[2] Automobiles 48A ⟶73


48A Automobiles
   48AIII Public Service Vehicles
      48AIII(B) License and Registration
         48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases


Constitutional Law 92 ⟶2885


92 Constitutional Law
   92XXIV Privileges or Immunities; Emoluments
      92XXIV(A) In General; State Constitutional Provisions
         92XXIV(A)2 Particular Issues and Applications
            92k2885 k. Licenses in general. Most Cited Cases
(Formerly 92k205(3))


Statutes 361 ⟶1654


361 Statutes
   361XI General and Special Laws
      361XI(A) In General
         361k1636 Particular Laws as General or Special; Validity
            361k1654 k. Motor vehicles. Most Cited Cases
(Formerly 361k74(1))


Exemptions of vehicles operated within city limits from motor vehicle license tax *held* valid. Motor Vehicle Transportation License Tax Act, St.1925, p. 833, §§ 4, 9, Const. art. 1, § 11.


[3] Automobiles 48A ⟶73


48A Automobiles
   48AIII Public Service Vehicles

   48AIII(B) License and Registration
      48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases

   Classification of operators of motor vehicles for licensing is justified by nature of business transacted. Motor Vehicle Transportation License Tax Act (See West's Ann.Rev. & Tax.Code, § 9601 et seq.); St.1925, p. 833.

[4] Automobiles 48A ⌨73

48A Automobiles
   48AIII Public Service Vehicles
      48AIII(B) License and Registration
         48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases

   That concerns transporting own materials added cartage of price held not to require inclusion in classification of those engaged in transporting for hire. Motor Vehicle Transportation License Tax Act (See West's Ann.Rev. & Tax.Code, § 9601 et seq.); St.1925, p. 833.

[5] Licenses 238 ⌨7(2)

238 Licenses
   238I For Occupations and Privileges
      238k7 Constitutionality and Validity of Acts and Ordinances
         238k7(2) k. Equality and uniformity in general. Most Cited Cases

   Classification for licensing purposes is within Legislature's discretion, and its determination will not be overthrown unless palpably arbitrary.

[6] Automobiles 48A ⌨73

48A Automobiles
   48AIII Public Service Vehicles
      48AIII(B) License and Registration
         48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases
   (Formerly 361k46, 361k47)

Constitutional Law 92 ⌨1133

92 Constitutional Law
   92VIII Vagueness in General
      92k1132 Particular Issues and Applications
         92k1133 k. In general. Most Cited Cases

(Formerly 361k46, 361k47)

Exemption of vehicles operating within "usual transfer delivery zone" from Motor Vehicle Transportation Tax Act, St.1925, p. 833, § 9*held* void for vagueness.

**[7] Statutes 361** ⚿**1535(25)**

361 Statutes
    361VIII Validity
        361k1532 Effect of Partial Invalidity; Severability
            361k1535 Particular Statutes
                361k1535(25) k. Motor vehicles. Most Cited Cases
(Formerly 361k64(8))

Void portion of act, separable from remainder, will be ignored in considering validity of remainder of act. Motor Vehicle Transportation License Tax Act, St.1925, p. 833, § 12.

**[8] Automobiles 48A** ⚿**73**

48A Automobiles
    48AIII Public Service Vehicles
        48AIII(B) License and Registration
            48Ak73 k. Constitutionality and validity of acts and ordinances. Most Cited Cases

Exemption of revenue derived from carrying mail under contract entered into before named date after act was adopted from motor vehicle license tax held valid. Motor Vehicle Transportation License Tax Act (See West's Ann.Rev. & Tax.Code, § 9601 et seq.); St.1925, p. 833, § 9 1/2 ; Rev.St.U.S. § 3966, 39 U.S.C.A. § 484.

**\*\*245 \*44** Sullvan & Sullivan and Theo. J. Roche, of San Francisco, and Theodore M. Stuart, of Fresno, for petitioner.

U. S. Webb, Atty. Gen., and Frank L. Guerena, Deputy Atty. Gen., for respendent.

SHENK, J.
    The petitioner seeks a release on habeas corpus from his detention by the chief of police of the city and county of San Francisco. He was arrested pursuant to a warrant issued upon the filing of a complaint in the police court of said city and county charging him with a misdemeanor in that he did, on the 21st day of September, 1925, engage in the business of transporting property for hire upon and over the public highways of the state of California without having obtained a license so to do as required by the Motor Vehicle Transportation License Tax Act, approved May 23, 1925 (Stats. 1925, p. 833). In and by said act it is made a misdemeanor, punishable by fine or imprisonment or both for any person, firm, association, or **\*45**

corporation to operate motor vehicles for hire upon and over the public highways of the state without procuring a license and thereafter paying the license fees as prescribed in said act. The petitioner is now and for several years last past has been engaged in the business of operating for hire motor vehicles upon and over the public highways of the state. He has refused to apply for a license, claiming that the said act is unconstitutional. The objections which he urges in that respect are substantially the same as those made by the plaintiff and respondent in Bacon Service Corporation v. Fred C. Huss, etc. (S. F. No. 11419) 248 P. 235, this day decided. The 1925 statute covers the same subject-matter as the former statute (Stats. 1923, p. 706), which it repeals. The provisions of the present statute are the same as the 1923 statutes with certain exceptions which will be noted.

In section 1 of the present statute the definition of an 'operator' is the same as declared in the former statute, but following the definition a new provision is inserted requiring that all exempted freight-carrying vehicles shall obtain exempt emblems from the state board of equalization and display the same in the manner provided. No objection is raised to this additional regulation. Section 4 provides for the payment of the license fee after deduction therefrom of all county and municipal licenses and taxes and is substantially the same as the former statute. Section 7 provides the penalties for violations of the act and section 8 for the allotment of the revenues derived under the act. These sections are likewise substantially the same as the former statute. Section 9 is as follows:

'This act shall not apply to hotel busses meeting trains or boats, nor to taxicabs, drays, transfer vehicles and other like city motor vehicles operating within incorporated cities or towns or the usual transfer delivery zone adjacent thereto, nor shall it apply to such vehicles operating between incorporated cities or towns where no portion of any state or county highway is traversed in said operation.'

**246 Section 9 1/2 provides:

'Nothing in this act shall be construed to apply to nor to levy a license upon that part of the gross income from the operation of any motor vehicle earned on account of carrying United States mail or parcels post under any contract with the United States government entered into prior to the first day of May nineteen hundred twenty-*46 five.'

Section 12, referred to in the former decision as the saving clause, is the same as section 11 of the former statute.

It is insisted by the petitioner that the exclusion from the definition of the term 'operator' in section 1 of those who solely transport persons by motor vehicle to and from or to or from public schools and of those who solely transport their own property or employees or both and of those who transport no persons or property for hire or compensation constitute unlawful exemptions; that the exemptions provided for in section 9 of hotel busses, etc., and other like city motor vehicles operating within incorporated cities or towns, are unlawful, and that the designation of 'the usual transfer delivery zone adjacent to' incorporated cities or towns is void for vagueness; and that the exemption in section 9 1/2 of that part of the gross income of operators derived from United States mail and parcel post contracts entered into prior to the first day of May, 1925, is unlawful. It is urged that the said exemptions are in violation of sections 11 and 21 of article 1 of the state Constitution; that the allotment of one-half of said revenues to the counties in the state is in violation of section 12 of article 11, which prohibits the Legislature from imposing taxes on counties or the inhabitants thereof for county purposes; that the alleged unlawful provisions of the act are inseparable from the

remainder and invalidate the entire statute; that the act as a whole is obnoxious to section 25 of article 4 of the Constitution, which, among other things, prohibits the Legislature from passing local or special laws for the assessment or collection of taxes; or granting to any corporation, association, or individual any special or exclusive right, privilege, or immunity, and exempting property from taxation. It also is contended that the said act violates the Fifth and Fourteenth amendments of the federal Constitution.

[1][2] Considering first the objections to the several provisions of the act and then to the act as a whole, it will be noted that the exemptions provided for in section 1 have been determined in the Bacon Service Corporation Case to be lawful exemptions. It will also be noted that in section 9 of the act sightseeing busses are not exempted and that said section as re-enacted makes more certain the intention of the Legislature to exempt from the provisions of the act only those motor vehicles for hire which are operated within *47 the limits of incorporated cities. It was doubtless contemplated by the Legislature that many operators might operate both within and without incorporated cities and towns. This might be true as to many motor vehicles mentioned in section 9. If any of those motor vehicles should be operated for hire as a business and not incidentally on the public highways outside of incorporated cities, it would seem to be clear that they would be subject to the license tax. This conclusion is fortified by a consideration of the terms of section 4 of the act, which provides for a deduction from the license tax of all sums paid by any operator on account of county or municipal taxes or licenses. It is thus made plain that it was the intention to exact the license fee from those only who use the public highways outside of incorporated cities in the conduct of their business, and that as to those whose business is operating exclusively within such cities the license is not required, this on the theory that the latter are or may be called upon to respond to a license tax or other exaction imposed for like purposes by the municipality itself, and that as to those operating both within and without incorporated cities they should receive a credit in their state license tax for whatever amount they are required to pay as county and municipal licenses and taxes. There would seem to be nothing unfair or unjust in the license plan thus laid out by the statute. We are of the opinion that the exemptions and classifications provided for in section 9, when read in conjunction with the rest of the act, do not amount to arbitrary action or unlawful discrimination on the part of the Legislature.

[3] In connection with the return to the writ herein, a stipulation of facts was filed from which it appears that at the time of and for more than six months prior to the filing of the stipulation on December 24, 1925, there were and are numerous persons, firms, associations, and corporations operating motor vehicles on the public highways for hire who are exempted from the license tax imposed by the act in question. But it does not appear that those who were and are so operating and are so exempted do not fall within the classification of those who are lawfully exempted. It also appears in the stipulation that the type of motor vehicles used by the exempted classes is similar to the type used by licensed operators. This fact we deem immaterial. It is not the type of vehicle, but the peculiar nature *48 of the business conducted upon and over the public highways, that justifies the classification of the statute for licensing purposes.

[4][5] Again, it appears in the stipulation that numerous business concerns, such as lumber and building material dealers, use the public highways for the tranportation of their merchandise and add the cost of cartage to the price of the material delivered. These facts might be sufficient upon which to **247 separately classify such use for the purpose of regulation or license or both, but they would not necessarily compel their inclusion in the classification singled out by the statute of those engaged in the business of using the public highways for the transportation of persons or property for hire.  In exercising its power to classify the Legislature has a wide discretion.  The presumptions are in favor of the validity of the legislative determination, and it will not be overthrown unless it is palpably arbitrary.  County of San Luis Obispo v. Murphy, 162 Cal. 588, 123 P. 808, Ann. Cas. 1913D, 712; 5 Cal. Jur. pp. 832, 833, and cases cited.

[6][7] It also appears from said stipulation that 'the usual transfer delivery zone' outside of incorporated cities referred to in section 9 of the act is traversed by public highways upon and over which certain exempted operators operate their motor vehicles for hire. If such operators be lawfully exempted, no complaint may, of course, be made. But if they belong to the class of operators who conduct their business within the limits of incorporated cities and who desire to engage in such business also in county territory adjacent to said cities, it would seem to be impossible for them to determine to what extent the public highways in the adjacent outside territory would be in the 'usual transfer delivery zone.' We fail to be cognizant of any standard of measurement by which an operator could foretell the extent of any such 'zone' and be certain that he was not transgressing the law when he proceeded to conduct his business on the public highways therein. No reason has been suggested by the respondent for the inclusion of said clause in the statute. It is unquestionably void for vagueness. In re Peppers, 189 Cal. 682, 209 P. 896. But its invalidity cannot affect the remainder of the act when considered in its entirety. The clause is merely incidental to the main purposes of the act and is separable therefrom. *49 In view of section 12 of the act it should be wholly disregarded in the enforcement of the statute.  Hewitt v. Board of Medical Examiners, 148 Cal. 590, 84 P. 39, 3 L. R. A. (N. S.) 896, 113 Am. St. Rep. 315, 7 Ann. Cas. 750.

[8] It also appears from the stipulation that there are numerous persons, etc., operating upon and over said public highways and carrying United States mail and parcels post for hire under contracts with the United States government entered into prior to the first day of May, 1925. As we understand the petitioner's contention on this branch of the case, it is that if it be within the power of the Legislature to classify for purposes of legislation the revenues derived from United States mail and parcels post contracts, still the exemption provided for in section 9 1/2 is invalid for the reason that it purports to exempt only the revenues from such contracts as were entered into prior to May 1, 1925, thus unlawfully discriminating, so it is claimed, against operators whose contracts were entered into after that date. It is assumed that the revenues from such contracts may be subjected to the license tax as an exaction by the state for the maintenance of the public highways. See Dickey v. Turnpike Co., 37 Ky. (7 Dana) 113; 31 Cyc. 975. If so, we think there is a reasonable basis for their separate classification for the purposes of legislation. It has been held that a mail contractor is not a common carrier but is rather a public agent of the United States employed in performing a governmental function. A. T. & S. F. R. Co. v. United States, 225 U. S. 640, 32 S. Ct. 702, 56 L. Ed. 1236; 31 Cyc. 999. When he acts in the dual capacity of a governmental agent and an ordinary operator for hire, that portion of his revenues which is derived from his mail contracts would seem also to be the proper subject of legislative classification. It was undoubtedly the intention to make the statute apply prospectively and thus to avoid interference with a public service under existing contracts. The Legislature may have considered that in any event the powers of the Postmaster General extend only to the authorization of mail carrying contracts for limited periods. R. S. 3966 [U. S. Comp. St. § 7459]. It may also have considered that in fixing May 1st, which was several days after the measure was finally adopted by both houses of the Legislature, as the *50 dividing point of time, sufficient notice was thereby afforded to contractors carrying United States mail and parcels post and to prospective contractors to take into account the proposed license tax in entering into new contracts. Whether or not it would be legal notice we deem unimportant. It might have been more in accordance with precision in legislation to have fixed the dividing point at the effective date of the statute, but it may not be said that in designating May 1st any unlawful discrimination was thereby effected.

No additional facts set forth in said stipulation call for further remark. What was said in the Bacon Service Corporation Case, supra, as to the effect of section 12 of article 11 and other provisions of our Constitution in relation to the statute in question, sufficiently disposes of petitioner's contentions. When the statute is construed in the light of that case and of the foregoing discussion, we are satisfied that no unlawful exemptions are incorporated in the act, and when the fatally vague and indefinite clause in section 9 is

stricken the statute is a complete expression of the legislative will as ascertained from the language thereof. As such it contravenes no provision of the state or federal Constitutions.

The many authorities cited by the petitioner have been noted. The Attorney General does not dispute the rules therein laid down, but only their applicability to the case **248 in hand. We find in none of them, when carefully examined and well considered, anything inconsistent with the conclusions herein expressed.

The writ is discharged, and the petitioner remanded.

We concur: WASTE, C. J.; SEAWELL, J.; CURTIS, J.; RICHARDS, J.; LAWLOR, J.

CA. 1926
In re Schmolke
199 Cal. 42, 248 P. 244

END OF DOCUMENT
© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.